ORIGINAL

# In the United States Court of Federal Claims

No. 17-1163C
Filed: May 24, 2018

FILED

MAY 24 2018

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NATHANIEL ERSKINE ROLLE,

    Plaintiff, *pro se*,

v.

THE UNITED STATES,

    Defendant.

Rules of the United States Court of
   Federal Claims 15(a)(2)
(Amendments Before Trial); 59
(Motion For Reconsideration).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Nathaniel Erskine Rolle**, Folkston, Georgia, Plaintiff, *pro se*.

**Geoffrey Martin Long**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER
## DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

**BRADEN**, *Chief Judge*.

## I.   RELEVANT BACKGROUND.

On August 28, 2017, Nathaniel Rolle ("Plaintiff") filed a Complaint ("Compl."), captioned "Petition for a Writ Habeas Corpus," in the United States Court of Federal Claims, alleging that: (1) the United States Coast Guard (the "Coast Guard") lacked jurisdiction to detain him, because he was detained and apprehended in Bahamian waters, in violation of the United States Constitution and a treaty between the United States and the Commonwealth of the Bahamas; (2) the Coast Guard violated the Fifth Amendment to the United States Constitution by failing to advise Plaintiff of his *Miranda*[1] rights before and immediately after apprehension; (3) the Coast

---

[1] *Miranda v. United States*, 384 U.S. 436 (1966) (holding that both inculpatory and exculpatory statements made in response to interrogation by a defendant in police custody will be admissible at trial only if the prosecution can show that the defendant was informed of the right to

Guard violated Plaintiff's constitutional rights by failing to contact the Bahamian government, "as to [the] abduction of a Bahamian [c]itizen;" and (4) Plaintiff is a Bahamian citizen who has been deprived of the rights and liberty owed him by the Bahamian government. Compl. at 6–8. The August 28, 2017 Complaint also requested relief in the form of "immediate release from confinement by the United States." Compl. at 8.

On March 12, 2018, Plaintiff filed a Motion For Production Of Documents. On that same day, Plaintiff also filed a Motion To Appoint Counsel. On March 26, 2018, the Government filed a Response to the March 12, 2018 Motion For Production Of Documents.

On April 23, 2018, Plaintiff filed a second Motion For Appointment Of Counsel.

On January 5, 2018, the court issued a Memorandum Opinion And Final Order that dismissed the August 28, 2017 Complaint, because the court did not have jurisdiction to adjudicate the claims alleged therein. *See Rolle v. United States*, 136 Fed. Cl. 140, 146 (Fed. Cl. 2018).

On January 25, 2018, the court received a "Petition Relying On Affidavits And Motion To Alter Or Amend The January 5th, 2018 Judgment Based On Correcting A Manifest Error Of Law And Facts Under Fed. R. Civ. P. 59(c) & (e)." Attached thereto were: (1) a Request For Temporary Relief On Bond; (2) a proposed Order To Show Cause For A Preliminary Injunction And Temporary Relief On Bond; and (3) a Petition For Claims For Damage, Injury, Or Death seeking $20 million in damages, pursuant to the Alien Tort Claims Act, 28 U.S.C. § 1350 (2012).

## II.     STANDARD OF REVIEW.

The court may reconsider and alter or amend its judgment, if the movant can show that: (1) there has been an intervening change in controlling law; (2) previously unavailable evidence is now available; or (3) the motion is necessary to prevent manifest injustice. *See* Rule of the United States Court of Federal Claims ("RCFC") 59(a)(1); *see also Dairyland Power Co-op v. United States*, 106 Fed. Cl. 102, 104 (Fed. Cl. 2012) ("Reconsideration is not to be construed as an opportunity to relitigate issues already decided. Rather, the moving party must demonstrate either an intervening change in controlling law, previously unavailable evidence, or a manifest error of law or mistake of fact." (citation omitted)). A motion for reconsideration requires "a showing of extraordinary circumstances." *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (citation omitted), *cert. denied*, 546 U.S. 826 (2005). Moreover, it is not intended to give an "unhappy litigant an additional chance to sway" the court. *See Matthews v. United States*, 73 Fed. Cl. 524, 526 (Fed. Cl. 2006). Nor may a party prevail by raising an issue for the first time on reconsideration, when it was ripe for adjudication at the time the complaint was filed. *Id.*

## III.     DISCUSSION.

In this case, Plaintiff has not established that reconsideration of the court's January 5, 2018 Memorandum Opinion And Final Order dismissing this case on jurisdictional grounds is warranted. Plaintiff raises the same alleged bases for jurisdiction as alleged in the August 28, 2017 Complaint and the same objections raised in response to the Government's Motion To Dismiss.

---

consult with an attorney before and during questioning and of the right against self-incrimination before police questioning).

For example, Plaintiff again relies on alleged violations of a "maritime contractual agreement" between the United States and Bahamian governments as evidence that the United States violated the terms of that agreement. Pl. Mot. at 3–8. The January 5, 2018 Memorandum Opinion And Final Order determined, however, that agreement did not establish the United States Court of Federal Claims' jurisdiction. *See Rolle*, 136 Fed. Cl. at 146. Plaintiff also continues to insist that the United States Court of Federal Claims has jurisdiction to grant a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Pl. Mot. at 1–2, 9–10. But, as the January 5, 2018 Memorandum Opinion And Final Order explained, it does not. *See Rolle*, 136 Fed. Cl. at 145 ("[T]he United States Court of Federal Claims is not empowered to grant a writ of habeas corpus, and any petition for the same exceeds the court's subject matter jurisdiction.").

The January 5, 2018 Memorandum Opinion And Final Order also explained that a precondition for Tucker Act jurisdiction is identification of a source of law that mandates the payment of money by the federal government. *See id.* (citing *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983)) ("[A] plaintiff must demonstrate that the source of substantive law upon which he relies can fairly be interpreted as mandating compensation by the [f]ederal [g]overnment." (quotation marks omitted)). The August 28, 2017 Complaint, however, did not identify any such source, nor did it seek money damages. *Id.* at 145–46 ("Because the August 28, 2017 Complaint does not seek money damages or identify a separate, money-mandating remedy, 28 U.S.C. § 1495 does not authorize the court to adjudicate the claims."). Moreover, although the January 25, 2018 Motion included a "Petition For Claims For Damage" seeking $20 million in damages, pursuant to the Alien Tort Claims Act, 28 U.S.C. § 1350, the United States Court of Federal Claims does not have jurisdiction to adjudicate tort claims. *See* 28 U.S.C. § 1491(a)(1) (stating that the United States Court of Federal Claims may issue judgments for money damages "in cases not sounding in tort"). Nor can Plaintiff prevail by raising an issue for the first time on reconsideration, when it was ripe for adjudication when the complaint was filed. *Matthews*, 73 Fed. Cl. at 526. Likewise, a motion for reconsideration does not permit Plaintiff to assert new theories of liability. *See Bernard v. United States*, 12 Cl. Ct. 597, 598 (Cl. Ct. 1987) ("Motions pursuant to [RCFC] 59 are not to be used as relief because an unhappy party failed to urge a theory which it could have raised in original proceedings.").[2]

The January 25, 2018 Motion also does not identify any evidence that was not available when the court issued the January 5, 2018 Memorandum Opinion And Final Order; instead, the January 25, 2018 Motion challenges factual issues relating to Plaintiff's detainment and arrest. Pl.

---

[2] Even if the January 25, 2018 Motion and the attached Petition For Claims For Damage were construed as a Motion For Leave To Amend, pursuant to RCFC 15(a)(2), the court would be required to dismiss the Amended Complaint as futile, because the United States Court of Federal Claims does not have jurisdiction to adjudicate tort claims. *See* 28 U.S.C. § 1491(a)(1) (stating that the United States Court of Federal Claims may issue judgments for money damages "in cases not sounding in tort"); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason[,] such as . . . futility of amendment[,] . . . the leave sought should, as the rules require, be 'freely given.'"); *Klamath Claims Comm. v. United States*, 541 Fed. App'x 974, 979 (Fed. Cir. 2013) (holding that denial of a post-dismissal motion for leave to amend a complaint was proper since the amendment was futile). Therefore, granting Plaintiff leave to amend, to allow the addition of a claim that the court does not have jurisdiction to adjudicate, *i.e.*, a claim for damages, pursuant to the Alien Tort Claims Act, would be futile.

Mot. at 3–5 (challenging location of Plaintiff's vessel at detainment).  These factual issues, however, were decided during Plaintiff's criminal proceeding in the United States District Court for the Southern District of Florida.  Thereafter, Plaintiff's conviction was affirmed in *United States v. Wilchcombe*, 838 F.3d 1179, 1185 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 2265, 198 L.Ed.2d 698 (2017).  As a matter of law, "[b]inding precedent establishes that the [United States] Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."  *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015) (citing *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts.")); *see also Dethlefs v. United States*, 60 Fed. Cl. 810, 814 (Fed. Cl. 2004) ("It appears that the plaintiff's claim is merely an attempt to relitigate his criminal case, . . . [but the United States Court of Federal Claims does not have] authority to review and overturn convictions entered by a court of competent jurisdiction.").

Finally, although the January 25, 2018 Motion relies on non-binding opinions from other federal courts to support the arguments Plaintiff previously raised, none show that there has been an intervening change in controlling law.

Therefore the court has determined that the January 25, 2018 Motion does not establish "extraordinary circumstances" that entitle Plaintiff to reconsideration of the January 5, 2018 Memorandum Opinion And Final Order.  *See Caldwell*, 391 F.3d at 1235 ("Motions for reconsideration must be supported by a showing of extraordinary circumstances which justify relief." (quotation marks omitted)).  A motion for reconsideration "may not be used simply as an opportunity for a party to take a second bite at the apple by rearguing positions that have been rejected." *Brock v. United States*, No. 11-176 C, 2016 WL 3619328, at *4 (Fed. Cl. June 23, 2016) (citation omitted).

## IV.   CONCLUSION.

For these reasons, Plaintiff's January 25, 2018 Motion is denied.[3]

**IT IS SO ORDERED.**

**SUSAN G. BRADEN**
**Chief Judge**

---

[3] Having determined that the United States Court of Federal Claims does not have jurisdiction to adjudicate any of Plaintiff's claims and that Plaintiff is not entitled to reconsideration of the court's January 5, 2018 Memorandum Opinion And Final Order, Plaintiff is not entitled to discovery. *See Ex Parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). In addition, Plaintiff's March 12, 2018 and April 23, 2018 Motions For Appointment Of Counsel must be denied. *See Omran v. United States*, 629 F. App'x 1005, 1008 (Fed. Cir. 2015) ("Regarding appointment of counsel, . . . appointment is unnecessary because there is no jurisdiction. . . . To the extent [Plaintiff] seeks to use a suit in the Court of Federal Claims to challenge his conviction, the Court of Federal Claims lacks jurisdiction to hear it[.] Even if there were other potential claims that [Plaintiff] might present in the Court of Federal Claims, . . . [w]ith only monetary compensation potentially at stake, there is no private interest, government interest or risk of erroneous decision here strong enough to overcome []the presumption that there is a right to appointed counsel only where the indigent, if he is unsuccessful, may lose his personal freedom.[]" (internal quotation marks and citations omitted)).